IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PUBLIC-SECTOR SOLUTIONS, INC.,** | * | |
| **Appellant,** | | |
| v. | * | **CIVIL NO. JKB-21-02424** |
| **HUNT & ASSOCIATES, P.C.,** | * | |
| **Appellee.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court is an appeal from the United States Bankruptcy Court for the District of Maryland. (ECF No. 1.) The case arises from the Bankruptcy Court's denial of Public-Sector Solutions, Inc.'s ("PSS") Motion to Reopen Case. (ECF No. 1-1.) Also pending before the Court is Hunt & Associates, P.C.'s ("Hunt") Motion to Take Judicial Notice. (ECF No. 17.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the Bankruptcy Court's Order will be affirmed and Hunt's Motion to Take Judicial Notice will be granted.

### I.  Factual and Procedural Background

As is relevant here, in June 2012, Hunt represented PSS in a jury trial in Oregon state court. (ECF No. 13 at 2–3.) The jury returned a verdict against PSS. (*Id.* at 3.) In July 2012, Hunt filed a complaint against PSS in Oregon state court to collect attorneys' fees, and PSS subsequently filed counterclaims, including negligence and breach of fiduciary duty (the "Oregon Litigation"). (*Id.* at 2–3; ECF No. 18 at 2–3.) In April 2014, Hunt and two other PSS creditors filed an

1

involuntary Chapter 7 bankruptcy petition against PSS. (ECF No. 13 at 3; ECF No. 18 at 3.) The Oregon Litigation was stayed.

In July 2014, Hunt filed a proof of claim in the amount of approximately $47,000 for attorneys' fees and costs. (ECF No. 13 at 3.) In April 2017, after resolution of an adversary proceeding, PSS filed an objection to the proof of claim. (ECF No. 13 at 4; ECF No. 18 at 4.) In its objection, PSS argued that the Bankruptcy Court should disallow or strike Hunt's claim because "Hunt's [proof of claim] is fully set-off by the counterclaim for malpractice . . . Subsequent to the Bankruptcy Proceeding, Hunt offered to settle the claims evidencing its belief that the malpractice counterclaim (at a minimum) exceeds Hunt's [proof of claim]." *See* Objection to Claim Number 1, *in Re Public-Sector Solutions*, Bk. No. DER-14-15477 (Bankr. D. Md. Apr. 7, 2017), ECF No. 139. Hunt did not oppose the objection and, in June 2017, the Bankruptcy Court sustained the objection and disallowed the claim ("Disallowance Order"). Order Sustaining Objection to Claim No. 1, Bk. No. DER-14-15477 (Bankr. D. Md. June 15, 2017), ECF No. 160.

In August 2018, PSS moved for relief from the automatic stay, and Hunt did not respond. (ECF No. 13 at 4; ECF No. 18 at 4.) The Court entered an order on August 3, 2018 that lifted the stay and authorized PSS "to proceed with the litigation and the counterclaims pending" in the Oregon Litigation. Order Granting Relief from Stay, Bk. No. DER-14-15477 (Bankr. D. Md. Aug. 3, 2018), ECF No. 189.

The Oregon Litigation has been protracted. The preclusive effect of the Disallowance Order has been the subject of significant dispute in the litigation.

The Bankruptcy Court entered a final decree on November 13, 2019. (ECF No. 13 at 5.) Nearly two years later, on July 16, 2021, PSS filed the Motion to Reopen Case that is the subject of this appeal. (ECF No. 2-2.) In that Motion, PSS argued that "[d]espite this Court's order

2

disallowing Hunt's [Proof of Claim] in its entirety, Hunt has continued to pursue its disallowed claim in in Oregon state court in direct contempt of this Court's order disallowing it." (*Id.* at 4.) PSS further argued that:

> PSS moves to reopen its bankruptcy case "for cause" under [11 U.S.C. §] 350(b) so that (1) PSS can file an appropriate motion for an order of contempt against Hunt and its counsel until they consent to a dismissal of the disallowed claim in the Oregon State Litigation; and (2) a show cause order can be issued against Hunt and its counsel for their actions in the improper pursuit of a disallowed claim, awarding costs and monetary sanctions to PSS. PSS asserts that sanctions are appropriate because the continued pursuit of the disallowed claim is a willful violation of this Court's Order disallowing the claim in its entirety.

(*Id.*) Hunt filed an opposition. (ECF No. 2-28.)

The Bankruptcy Court denied the Motion to Reopen, finding that PSS had not met its burden of establishing compelling circumstances to reopen the case. (ECF No. 1-1.) In so concluding, the Bankruptcy Court explained that:

> First, this case has been closed since November 13, 2019—now almost 22 months ago. Second, the Oregon court is available to determine the *res judicata* effect of the Order Disallowing the Hunt Claim. Indeed, the Debtor chose to litigate its malpractice and other claims against Hunt in the Oregon court, and it has been actively doing so since this Court entered the Lift Stay Order on August 3, 2018—that is, more than three years ago. Moreover, the Debtor decided to seek intervention by this Court only after the Oregon court's adverse rulings on *res judicata*. If the Oregon court's rulings are in error, the Debtor's remedy lies not in this Court, but in the Oregon courts of appeal. Finally, that litigation has been extensive and has unquestionably subjected Hunt to substantial attorney's fees and expenses. Under such circumstances, this Court finds that cause to reopen this case has not been demonstrated.

(*Id.* at 6.) On appeal, PSS presents the following three issues:

1. Whether the Bankruptcy Court abused its discretion in not reopening this case to enforce its Order that disallowed entirely Appellee's proof of claim for attorneys' fees.

2. Whether the Bankruptcy Court abused its discretion in not deciding whether federal claim preclusion bars Appellee's breach of contract claim in the Oregon case.

3

3. Whether the Bankruptcy Court erred in misapprehending the facts of the Oregon case evidenced by the filings in the Oregon case which were referred to in Appellee's Opposition.

(ECF No. 13 at 1–2.)

## II. Standard of Review

In an appeal from a bankruptcy court, this Court reviews factual findings for clear error and conclusions of law *de novo*. *Gold v. First Tenn. Bank Nat'l Ass'n (In re Taneja)*, 743 F.3d 423, 429 (4th Cir. 2014). A finding is clearly erroneous only if, after reviewing the record, the reviewing court is left with "a firm and definite conviction that a mistake has been committed." *Klein v. PepsiCo, Inc.*, 845 F.2d 76, 79 (4th Cir. 1988).

The denial of a motion to reopen a bankruptcy proceeding is reviewed for abuse of discretion. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326–27 (4th Cir.1984) ("Because we conclude that the reopening of a closed case is a discretionary matter, it follows that our review is limited to a determination of whether there was an abuse of discretion on the part of the bankruptcy court in refusing to reopen this case."). A court finds abuse of discretion only where a bankruptcy court's "conclusions are based on mistaken legal principles or clearly erroneous factual findings." *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 311 (4th Cir. 2020) (citations and quotations omitted).

## III. Analysis

PSS presents several arguments on appeal. For the reasons that follow, the Court will affirm the Bankruptcy Court's denial of PSS's Motion to Reopen.

### A. Whether the Bankruptcy Court Abused its Discretion in not Reopening the Case

As noted above, PSS presents three questions on appeal. The first is "[w]hether the Bankruptcy Court abused its discretion in not reopening this case to enforce its Order that

4

disallowed entirely Appellee's proof of claim for attorneys' fees."[1]    (ECF No. 13 at 1.) Under 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." "[T]he right to reopen a case depends upon the circumstances of the individual case and that the decision whether to reopen is committed to the court's discretion." *Hawkins*, 727 F.2d at 326. The Court finds no abuse of discretion here.

The Bankruptcy Court determined that PSS had not established that cause existed to reopen the case. The Bankruptcy Court so concluded given: (1) that 22 months that had passed between the closing of the bankruptcy case and the filing of the Motion to Reopen; (2) the availability of the Oregon state court to adjudicate the claims that PSS is seeking to have the Bankruptcy Court examine; (3) the fact that PSS had chosen to litigate these claims in Oregon state court for nearly three years before seeking to have the Bankruptcy Court intervene; and (4) that Hunt had expended considerable resources with respect to the Oregon Litigation. These circumstances provide ample reason not to reopen the case. *See Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962) ("[A]s the time between closing of the estate and its re-opening increases, so must also the cause for re-

---

[1] Confusingly, although PSS argues that the Bankruptcy Court abused its discretion in not reopening the case, PSS also states that "[t]he Bankruptcy Court had no discretion to deny the Motion to Reopen; and it made an error of law, in concluding that it had such discretion." (ECF No. 13 at 5.) As noted above, district courts review denials of motions to reopen for an abuse of discretion.

Further, despite having filed a Motion to *Reopen Case* with the Bankruptcy Court and arguing before the Bankruptcy Court that Hunt's actions "necessitate[d] the reopening of this bankruptcy case," (ECF No. 2-2 at 5), PSS now argues that "there was no need for [the Bankruptcy Court] to reopen the bankruptcy case." (ECF No. 13 at 5.) PSS argues that "[h]ad PSS's Motion been titled 'Motion for Contempt of Disallowance Order,' a discretionary standard would not have obtained." (*Id.*) Setting aside the fact that PSS did not in fact move for contempt, this conclusion is incorrect. *See In re Wilson*, 199 F.3d 1329 (4th Cir. 1999) (explaining that, in reviewing a bankruptcy court's decision, "[t]he denial of a contempt motion can be overturned only for an abuse of discretion" and that a bankruptcy judge's "interpretation of his own order and injunction must [ ] be given substantial deference"); *JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004) ("We review a district court's grant or denial of a civil contempt motion for abuse of discretion. When a district court's decision is based on an interpretation of its own order, our review is even more deferential because district courts are in the best position to interpret their own orders."). Contrary to PSS's contention, this Court would review any grant or denial of a motion for contempt for abuse of discretion, and such review would be deferential.

5

opening increase in weight."); *Hawkins*, 727 F.2d at 326 (finding that there would have been prejudice if a case had been reopened where "the debtors did not seek to reopen their case for over eight months and, then, not until [creditor] had instituted foreclosure proceedings in a state court" which caused the creditor to "incur[] court costs and counsel fees in reliance on the fact that the debtors did not challenge the validity or viability of its lien"). The Court therefore finds that the Bankruptcy Court did not abuse its discretion in not reopening the case.

### B. Whether the Bankruptcy Court Abused its Discretion in not Deciding whether Federal Claim Preclusion Barred the Breach of Contract Claim in State Court

The second question presented on appeal is "[w]hether the Bankruptcy Court abused its discretion in not deciding whether federal claim preclusion bars Appellee's breach of contract claim in the Oregon case." (ECF No. 13 at 2.) PSS argues that "[t]he Bankruptcy Court abused its discretion, in exercising it to decline to interpret and enforce its disallowance order" and that "[t]he [Bankruptcy] Court was required to enforce its order." (*Id.* at 13.)

As an initial matter, PSS's Motion to Reopen did not seek such determination from the Bankruptcy Court. (*See generally* ECF No. 2-2.) PSS's Motion sought to have the Bankruptcy Court reopen the case "so that (1) PSS can file an appropriate motion for an order of contempt against Hunt and its counsel until they consent to a dismissal of the disallowed claim in the Oregon State Litigation; and (2) a show cause order can be issued against Hunt and its counsel for their actions in the improper pursuit of a disallowed claim, awarding costs and monetary sanctions to PSS." (*Id.* at 4.) PSS asked the Bankruptcy Court to "reopen the Debtor's Chapter 7 case, so that the Court can enforce its Order Sustaining Objection to Claim of Hunt & Associates, PC (Claim No. 1) and allow the Debtor to request compensatory damages and/or sanctions for the intentional actions of Hunt & Associates, PC and its counsel, and grant such other and further relief as is just

6

and equitable." (*Id.* at 5.) Therefore, PSS appears to be asking this Court to find that that the Bankruptcy Court abused its discretion by not deciding an issue that was not even squarely presented to it. The Court will not do so. *See Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 237 (4th Cir. 2008) (citation omitted) ("[Q]uestions not raised and properly preserved in the trial forum will not be noticed on appeal in the absence of exceptional circumstances.").[2]

Further, that the Disallowance Order has some preclusive effect with respect to the Oregon Litigation does not necessitate the Bankruptcy Court to decide the bounds of such preclusion. As the Bankruptcy Court explained, "[i]f the Oregon court's rulings [with respect to the Disallowance Order] are in error, the Debtor's remedy lies not in this Court, but in the Oregon courts of appeal." (ECF No. 1-1 at 6.) The authority to which PSS cites does not support its argument that the Bankruptcy Court was required to interpret or enforce the Disallowance Order. For instance, PSS cites several cases for the proposition that federal common law controls the preclusive effect of the Disallowance Order. (*See* ECF No. 13 at 17.) However, that federal common law controls does not require a federal court to decide the issue. *See In re Spencer*, 868 F.3d 748, 752 (8th Cir. 2017) (explaining, in the context of a claim disallowance order, that "state courts are fully competent to interpret and apply federal as well as state preclusion principles").

### C. Did the Bankruptcy Court Misapprehend Facts of the State Court Litigation

The third question presented on appeal is "[w]hether the Bankruptcy Court erred in misapprehending the facts of the Oregon case evidenced by the filings in the Oregon case which were referred to in Appellee's Opposition." (ECF No. 13 at 2.) PSS argues that "[t]he Bankruptcy

---

[2] In its briefing relating to whether the Bankruptcy Court abused its discretion in not determining the preclusive effect of the Disallowance Order, PSS also argues that this Court should hold Hunt in contempt. This argument was likewise not properly raised to the Bankruptcy Court in the first instance, and the Court will not consider it on appeal.

7

Court was misled by Hunt and its counsel into believing that the Oregon Circuit Court ruled on PSS's motion for partial summary judgment on its Counterclaim." (ECF No. 13 at 16.) The import of this, PSS claims, is that the Bankruptcy Court was misled into believing "that the Oregon Circuit Court heard PSS's motion for partial summary judgment and considered and rejected its argument that the disallowance order was res judicata on the issue of Hunt's liability, while in fact none of that occurred." (ECF No. 13 at 17.)

PSS's argument misses the mark. Even if PSS's motion for partial summary judgment was not actually heard, the Bankruptcy Court's conclusions—that PSS has had (and continues to have) its day in Oregon state court with respect to its preclusion arguments and that PSS only brought this issue to the Bankruptcy Court's attention at the eleventh hour after the Oregon state court did not decide preclusion issues in PSS's favor—remain true. (*See* ECF No. 2-10 (PSS's April 2019 response to Hunt's motion to abate in Oregon state court, which the court granted, arguing that the Disallowance Order extinguished Hunt's claims); ECF No. 2-12 at (PSS's February 2020 amended answer in Oregon state court, listing claim preclusion/*res judicata* as a defense); ECF No. 2-13 (PSS's February 2020 motion for summary judgment, which included arguments regarding *res judicata*); ECF No. 2-15 (PSS's September 2020 motion to reconsider, also raising *res judicata* arguments); ECF No. 2-19 (PSS's June 2021 motion for summary judgment also raising *res judicata* arguments).)

Further, in the intervening time between the Bankruptcy Court's decision and today, the Oregon state court has unquestionably reviewed the merits of PSS's preclusion arguments, as that court has in fact agreed that the Bankruptcy Court's Disallowance Order has preclusive effect (although PSS's grievance now seems to be that the Oregon court has given the order too much preclusive effect). (*See* ECF No. 13 at 11–12 (explaining that "[s]ubsequently to entry of the Order

8

Denying Motion to Reopen, the Oregon Circuit Court construed the Bankruptcy Court's disallowance order correctly, in concluding it bars Hunt's action for breach of contract, based on the federal common law of claim preclusion" but that "[t]he Oregon Circuit Court erroneously construed the effect of the Bankruptcy Court's disallowance order to disallow PSS's Counterclaim"); ECF No. 18 at 8, 18 ("The Oregon court, consistent with Hunt's alternative argument [that the doctrine of claim preclusion, if it applies, precludes both Hunt's and PSS's claims], granted PSS's summary judgment without awarding fees."); *id.* at 10 ("The state court entered a general judgment, finding that Hunt prevailed as to PSS's counterclaims and PSS prevailed as to Hunt's claim.").) Therefore, the Court finds that the Bankruptcy Court did not err with respect to the facts surrounding the Oregon Litigation.

## IV. Motion to Take Judicial Notice

Hunt has also filed a Motion to Take Judicial Notice of several filings in the Oregon Litigation. (ECF No. 17.) The Court will grant this Motion. Under Federal Rules of Evidence 201, facts that are not "subject to reasonable dispute" may be judicially noticed. Fed. R. Evid. 201(b). If a fact is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," then it is "not subject to reasonable dispute." *Id.* The Court will grant this Motion, as PSS has not opposed it and "courts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted . . . but rather to establish the fact of such litigation and related filings." *Sher v. Luxury Mortg. Corp.*, Civ. No. ELH-11-3656, 2012 WL 5869303, at *7 (D. Md. Nov. 19, 2012) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

9

## V. Conclusion

For the foregoing reasons, the Bankruptcy Court's decision will be affirmed and Hunt's Motion to Take Judicial Notice will be granted.

DATED this __6__ day of September, 2022.

BY THE COURT:

James K. Bredar
Chief Judge